**BACHE HALSEY STUART, INC., Plaintiff,**

v.

**Charles E. FRENCH, Defendant.**

**Civ. A. No. 76–1803.**

United States District Court, District of Columbia.

Jan. 14, 1977.

Jon Paugh, Kirkland, Ellis & Rowe, Washington, D.C., for plaintiff.

Charles E. French, pro se.

MEMORANDUM OPINION AND ORDER

SIRICA, District Judge.

In this action, Bache Halsey Stuart, Inc. (Bache), a commodity brokerage firm, seeks to invoke an arbitration clause contained in a contract with Charles E. French, a former Bache customer, as a basis for requiring French to arbitrate a dispute he has with Bache. Additionally, Bache seeks an order enjoining French from proceeding any fur-

ther with an administrative action he has filed with the Commodity Futures Trading Commission (CFTC). Jurisdiction is founded upon diversity of citizenship, 28 U.S.C. § 1332, and the Federal Arbitration Act (the Arbitration Act), 9 U.S.C. § 1 *et seq.* The case is presently before the Court on the motion of Bache for summary judgment and the motion of French for dismissal.[1]

## I.

On June 10, 1975, the defendant French executed a Customer Agreement with the plaintiff Bache for the purpose of carrying on a trading account in commodity futures. The Customer Agreement established the terms and conditions governing the account and included a clause providing for the arbitration of disputes arising out of the account.[2] Following the execution of the Customer Agreement, French directed Bache to carry out a number of transactions in Mexican peso futures. Of these, some were carried out as directed by French, while others, it is claimed, were not. Dissatisfied, for this reason, with the handling of his account by Bache, French requested that his account be closed. Bache complied with his request on November 21 and 24, 1975. In the interim, French claims, he sustained heavy losses as a result of Bache's refusal to carry out his directions.

At unspecified times after the closing of his account, French lodged complaints and protests with Bache, through his former account representative, complaining of the handling of his account during September, October and November 1975. Apparently

dissatisfied with Bache's response in the matter, French filed a "reparations" action with the CFTC, seeking to recover damages from Bache in the amount of $30,149.00 pursuant to procedures established under Section 14 of the Commodity Exchange Act (the Commodity Act), 7 U.S.C. § 18 (Supp. V, 1975) and governing regulations, 17 C.F.R. § 12.1 *et seq.,* 41 Fed.Reg. 3994 (January 27, 1976).

Bache received notice of the reparations action on July 27, 1976. In a letter dated August 18, 1976, Bache informed French that disputes concerning his account were subject to mandatory arbitration as provided in the Customer Agreement. The letter directed French to elect one of the two forums for arbitration specified in the Agreement and advised him that, if he failed to make an election within five days from his receipt of the letter, Bache would exercise its right to select the forum for arbitration proceedings. French responded on August 19, 1976, and indicated that he intended to pursue his administrative remedy at the CFTC rather than to have his complaint submitted to arbitration. Bache in turn responded on August 24, 1976, insisting on its right to arbitrate the dispute and, in light of French's refusal to elect a forum, selecting the American Arbitration Association as the forum for arbitrating the matter.

This lawsuit followed. Bache seeks to invoke the arbitration clause in connection with the Arbitration Act and this Court's equity powers as grounds for ordering

---

1. Appearing pro se in this action, French moved for dismissal in his answer to Bache's complaint. Because the case is ripe for summary judgment, and in the interest of justice, the Court has elected to treat French's motion to dismiss as a cross motion for summary judgment.

2. Paragraph 14 of the Customer Agreement provides in pertinent part:

    Any controversy arising out of or relating to my account, to transactions with or for me or to this agreement or the breach thereof, shall be settled by arbitration in accordance with the rules then obtaining of either the American Arbitration Association or the Board of Governors of the New York Stock Exchange as I may

elect, except that any controversy arising out of or relating to transactions in commodities or contracts relating thereto, whether executed or to be executed within or outside of the United States shall be settled by arbitration in accordance with the rules then obtaining of the Exchange (if any) where the transaction took place, if within the United States, and provided such Exchange has arbitration facilities or under the rules of the American Arbitration Association as I may elect. If I do not make such an election by registered mail addressed to you at your main office within five days after demand by you that I make such an election, then you may make such election.

French to arbitrate his dispute and cease prosecuting his complaint at the CFTC. The case is before the Court on the motion of Bache for summary judgment and the motion of French to dismiss.

## II.

The facts essential to deciding this case, although somewhat sketchy, are not in dispute. What is in dispute is the legal consequences that flow from these facts. The determination of these consequences involves the reconciliation of two federal statutes representing, under the facts present here, two conflicting federal policies. On the one hand, there is the Arbitration Act, which provides for the judicial enforcement of arbitration agreements contained in contracts, such as the one at issue here, involving interstate commerce. This Act and its underlying policy in favor of arbitration is advanced by Bache. On the other hand, there is the Commodity Act, which provides for the administrative resolution of disputes between commodity customers and their brokerage firms. This Act and its underlying policy of creating an administrative forum for settling commodity disputes is put forward by French. For the reasons that follow, the Court is of the opinion that the policy represented in the Commodity Act affords an adequate basis for denying the relief sought under the Arbitration Act. Accordingly, the motion of Bache for summary judgment must be denied and the motion of French to dismiss must be granted.[3]

### A

■ By its terms, Section 4 of the Arbitration Act provides for the judicial enforcement of arbitration agreements so long as the "making of the agreement for arbitration" and the "failure to comply therewith" are not "in issue." 9 U.S.C. § 4 (1970). As such, Section 4 of the Arbitration Act embodies a federal policy favoring the arbitration of disputes between parties who have contractually agreed to arbitrate. This policy, however, is not without judicial exception. Where compelling the arbitration of disputes conflicts with other important federal policies, the courts have frequently refused to order arbitration. The leading case is *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953). In that case, the Supreme Court recognized "the desirability of arbitration," yet nevertheless held that an agreement to arbitrate future disputes between a customer and his securities brokerage firm was not enforceable under the Arbitration Act where arbitration interfered with a conflicting federal policy reflected in the Securities Act of 1933. *Id.* at 431, 74 S.Ct. at 185, 98 L.Ed. at 173. That policy was to make the federal and state courts the primary forums for settling disputes involving violations of the Securities Act. *Id.* To the same effect is *American Safety Equipment Corp. v. J. P. Maguire & Co.,* 391 F.2d 821 (2d Cir. 1968). There, the policy of the Arbitration Act favoring arbitration was found to be insufficient to override the policy of the federal antitrust laws favoring the judicial resolution of disputes raising antitrust claims. *Id.* at 826–27. As stated in *American Safety,* "In some situations Congress has allowed parties to obtain the advantages of arbitration if they 'are willing to accept less certainty of legally correct adjustment,' [citing *Wilko*], but we do not think that this is one of them." *Id.* at 828.

■ Nor does the instant controversy present such a situation. There is no principled reason why the exceptions to the Arbitration Act carved out in *Wilko* and *American Safety* with regard to securities and antitrust laws should not apply here with regard to the Commodity Act. Like the

---

**3.** Because of the disposition made in this case, it is unnecessary to decide whether Bache waived its right to arbitrate the dispute by failing to make a timely demand for arbitration after receiving notice that French had lodged protests concerning the handling of his account. The facts disclose that French made complaints to Bache through his former account representative, but the precise substance, timing and frequency of these complaints is not specified. Since these facts are critical to deciding the question of waiver, a decision of the question at this time would be premature.

Securities Act of 1933 (*Wilko*) and the antitrust laws (*American Safety*), the Commodity Act is a remedial measure designed to protect the integrity of the marketplace. S.Rep.No.93–1131, *reprinted in 3 U.S.Code Congressional and Administrative News*, 93d Cong., 2d Sess., p. 5856 (1974). And like the Securities Act and antitrust laws, the Commodity Act specifies a public forum as the means best calculated for resolving private disputes in a manner that protects the marketplace. This public forum is the CFTC,[4] which is charged with the responsibility of entertaining and bringing its expertise to bear upon complaints seeking reparation damages for violations of the Commodity Act, CFTC rules, regulations and orders. 7 U.S.C. § 18 (Supp. V, 1975). Reparation actions under 7 U.S.C. § 18 are initiated by the filing of an administrative complaint, followed by an answer, a hearing and decision by an Administrative Law Judge, application for review by the full Commission and judicial review in a United States Court of Appeals. See 7 U.S.C. §§ 18(a–g); 17 C.F.R. § 12.1 *et seq.* These procedures contemplate full, expert administrative adjudications of claims under the Commodity Act in much the same way that the Securities Act (*Wilko*) and the antitrust laws (*American Safety*) contemplate full, expert judicial adjudications. It follows then that ordering private arbitration of the present dispute, involving as it does arguable claims under the Commodity Act, would be inconsistent with the Commodity Act and its underlying purpose of shifting regulation of the commodity markets to the CFTC. See *Arkoosh v. Dean Witter & Co.*, 415 F.Supp. 535 (D.Neb.1976) (arbitration ordered on the express finding that the dispute failed to raise claims under the Commodity Act).

This view is supported by the legislative history of the Commodity Act, which makes clear that reparations actions are "intended as a separate remedy designed to supplement the informal 'settlement procedures' contemplated of the contract markets." H.R.Rep.No.93–975, 93d Cong., 2d Sess. 22 (1974). If reparations actions are intended to supplement the informal settlement procedures established by organizations dealing in commodities, certainly they are intended to supplement the informal settlement procedure of private arbitration. This is precisely the position taken by the CFTC when, in promulgating regulations under Section 8a5 of the Commodity Act, 7 U.S.C. § 12a5, it stated "all pre-dispute arbitration agreements that do not satisfy the conditions [applicable to the informal settlement procedures of the contract markets] will be null and void, including those heretofore signed by customers." 41 Fed.Reg. 42944 (September 29, 1976). For all that appears of record here, there is no reasoned basis for disagreeing with the position taken by the CFTC.

## B

Separate and apart from the foregoing, there is an additional reason why the relief sought by Bache in this matter should be denied. Bache seeks an order not only directing French to arbitrate his dispute but also enjoining him from proceeding further with his currently pending reparations action. Although the relief sought is framed in terms of enjoining French's activities as an individual, it would, if granted, have the effect of enjoining the CFTC from proceeding to process French's complaint under 7 U.S.C. § 18. Viewed in this light, what Bache in effect is seeking is a stay of pending administrative action in favor of private settlement through arbitration. Such a stay is neither permitted by Section 3 of the Arbitration Act, 9 U.S.C. § 3, nor required as a matter of equity, absent some showing that Bache will suffer irreparable injury if called upon to defend

---

**4.** This is not to say that the CFTC is the exclusive public forum for resolving claims arising under the Commodity Act. See *Milani v. ContiCommodity Services, Inc.*, Civil Action No. 75–2694, October 26, 1976 (N.D.Cal.) (action lies in federal court to adjudicate Commodity Act and pendent common law claims). The result in *Milani* is supported by the terms of the Commodity Act itself, providing that "Nothing in this section shall supersede or limit the jurisdiction conferred on courts of the United States or any State." 7 U.S.C. § 2 (Supp. V, 1975).

the reparations action. See *Shearson Hayden Stone, Inc. v. Miles,* Dkt. No. 11654–76 (N.Y.S.Ct.) (August 4, 1976) (refusing to stay administrative proceedings at the CFTC as a matter of federal law).

### III. ORDER

Accordingly, it is this 14th day of January, 1977,

ORDERED that the motion of plaintiff for summary judgment is hereby denied, and it is

FURTHER ORDERED that the motion of defendant to dismiss the action is hereby granted,

PROVIDED, HOWEVER, that nothing in this order shall prevent the parties herein from having their dispute submitted to arbitration in the event that the CFTC determines that the controversy is not within its jurisdiction.