**GELCO CORPORATION, a Minnesota corporation, Appellant,**

v.

**BAKER INDUSTRIES, INC., a Delaware corporation, Appellee.**

**GELCO CORPORATION, Appellee,**

v.

**BAKER INDUSTRIES, INC., Appellant.**

Nos. 85–5048, 85–5185.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1985.

Decided Dec. 10, 1985.

Michael M. Rosenbaum, Short Hills, N.J., for appellant.

Allen I. Saeks, Minneapolis, Minn., for appellee.

Before HEANEY, JOHN R. GIBSON, and FAGG, Circuit Judges.

PER CURIAM.

Gelco Corporation (Gelco) appeals from the district court's order denying its petition to compel arbitration of a contract dispute between itself and Baker Industries, Inc. (Baker). For reversal, Gelco contends that the district court committed error because the issues in dispute fall within the scope of an arbitration clause contained in the parties' contract. Baker cross appeals from the district court's denial of its motion for an award of attorneys' fees and costs. We affirm.

Baker contracted to purchase the capital stock of Gelco Express Corporation (Express), a wholly owned subsidiary of Gelco, for a purchase price of $27,500,000. Under the contract, the purchase price was to be reduced to the extent that Express' net worth was less than $1,500,000 on the closing date. The net worth determination of Express was to be based upon Express' closing financial statements, which were to be prepared by Gelco's accountants. The contract further provided that Gelco would manage Express during the period between the making of the contract and the closing date.

Under the terms of the contract, Gelco's closing financial statements were required to be "true, accurate and complete," were required to present fairly "the financial position" of Express as of their respective dates, and were to be "prepared in conformity with generally accepted accounting principles." Further, Baker was required to give Gelco written notice of "any exceptions it takes to any such statement" within forty-five days of their receipt. If the parties were unable to resolve their differences within thirty days of such notice, "all of the remaining differences" were to be referred to an independent certified accounting firm "for final, binding resolution."

In a separate section of the contract, Gelco agreed to indemnify Baker for damages resulting from Gelco's breach of any covenants, warranties, and representations contained in the contract. In contrast to the parties' agreement to arbitrate disputes arising from the preparation of the closing financial statements by Gelco's accountants, the contract allowed for judicial resolution of claims for breach of any covenant, warranty, or representation under the contract.

After the closing date, Gelco submitted the closing financial statements of Express to Baker in accordance with the contract. Baker's accountants advised Baker that the working papers of Gelco's accountants did not justify the recorded amounts for certain liabilities appearing in Express' closing balance sheet.

In a letter dated May 10, 1984, Baker not only informed Gelco of its accountants' exceptions to the financial statements but also expressed its concern that certain covenants and representations had been breached. Baker also informed Gelco that it was "attempting to list and quantify the indemnification due to Baker" and that it would forward a complete listing of its

claims to the extent possible in the near future.

Although the parties were unable to resolve their differences, they did agree to submit the accounting questions delineated by Baker's accountants to an independent accounting firm for resolution. Baker then filed suit in New Jersey state court seeking damages for Gelco's breach of various covenants, warranties, and representations. In response to Baker's suit, Gelco filed this action in federal district court seeking to compel arbitration of the issues that Baker is litigating in state court. The district court concluded that the arbitration clause contained in the contract is narrowly drawn and that Baker's state law claims are outside the scope of the arbitration clause.

"[T]he first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* — U.S. ——, 105 S.Ct. 3346, 3354, 87 L.Ed.2d 444 (1985). Hence, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which [it] has not agreed so to submit." *Twin City Monorail, Inc. v. Robbins & Myers, Inc.,* 728 F.2d 1069, 1072 (8th Cir.1984) (quoting *United Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960)). Furthermore, interpretation of the scope of an arbitration clause in a contract is a matter of law for the court. *UAW, Local 716 v. General Electric Co.,* 714 F.2d 830, 832 (8th Cir.1983).

■ "The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration * * *." *Moses H. Cone Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983). When an agreement to arbitrate is broadly drafted, arbitration should be granted "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Twin City,* 728 F.2d at 1072 (quoting *United Steelworkers,* 363 U.S. at 582–83, 80 S.Ct. at 1352–53). However, when presented with a narrowly drawn commercial arbitration clause, the court should consider whether the conduct in issue is on its face within the scope of that clause. "Hence, if the arbitration agreement cannot reasonably be construed to cover [a particular] dispute ..., arbitration need not be compelled." *Twin City,* 728 F.2d at 1073 (quoting *McAllister Brothers v. A & S Transportation Co.,* 621 F.2d 519, 522 (2d Cir.1980)).

■ We believe the district court has correctly applied these principles in making its decision. We also agree with the district court (1) that the relevant contractual provisions are clear and unambiguous; (2) that the arbitration clause contained in the contract is narrowly drawn; (3) that the arbitration clause extends only to disputes concerning adjustments to the closing financial statements prepared by Gelco's accountants and not to all disputes arising out of the contract; and (4) that the arbitration clause does not embrace Baker's state court claims which are based upon Gelco's breach of its underlying contractual obligations. Hence, we affirm the district court's order denying Gelco's petition to compel arbitration of the issues raised by Baker in its state court action.

■ Baker claims on cross appeal that the district court abused its discretion in refusing to award attorneys' fees and costs to Baker arising from Baker's defense to Gelco's petition to compel arbitration. Baker claims entitlement to attorneys' fees under Fed.R.Civ.P. 11, under 28 U.S.C. § 1927, and under the "bad faith" exception to the "American Rule." A district court's denial of a motion for attorneys' fees will not be reversed absent an abuse of discretion. *Morrill v. Becton, Dickinson & Co.,* 747 F.2d 1217, 1225 (8th Cir. 1984). We believe the record supports the district court's determination that Gelco's petition was filed in good faith and that Gelco did not "unreasonably or vexatiously multiply the proceedings." Hence, we conclude that the district court did not abuse

its discretion in denying Baker's motion for attorneys' fees.

Accordingly, we affirm the district court's decision in its entirety.