**S & M CONSTRUCTORS, INC.,**
**Plaintiff–Appellant,**

v.

**The FOLEY COMPANY,**
**Defendant–Appellee.**

No. 92–1423.

United States Court of Appeals, Eighth Circuit.

Submitted March 11, 1992.

Decided March 16, 1992.

Robert J. Andrews, Kansas City, Mo., argued (Ronald L. Kraft, on brief), for plaintiff-appellant.

Kevin E. Glynn, Kansas City, Mo., argued (William J. Debauche, on brief), for defendant-appellee.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and LOKEN, Circuit Judge.

PER CURIAM.

S & M Constructors, Inc., appeals from an order of the district court denying its motion for a preliminary injunction to halt arbitration proceedings which were scheduled to commence February 25, 1992. S & M has presented a motion for stay pending appeal. We set the motion for oral argument and stayed commencement of arbitration until the motion could be heard. We now deny the motion for stay.

S & M was a subcontractor of Foley Company, which had contracted with the Corps of Engineers to construct defense related facilities requiring security clearances. The project has been completed. The contract between S & M and Foley contained an arbitration clause. Foley's contract with the Corps provided that the contractor would submit claims to the government under the Contract Disputes Act. 41 U.S.C. §§ 601–613. The contract terms were incorporated in the S & M subcontract. S & M filed a notice of arbitration, and Foley asserted counterclaims against S & M. Foley, at S & M's request, has filed claims with the contracting officer under the Contract Disputes Act. Foley filed an application to stay arbitration in the Circuit Court of Jackson County, Missouri in the fall of 1991, but this action was evidently dismissed by agreement of the parties. The arbitration was scheduled to commence in February, 1992. On January 23, 1992, S & M filed a petition for a temporary restraining order in the Circuit

Court of Jackson County, Missouri. A temporary restraining order was entered but was dissolved by that court in an order dated February 10, 1992. The arbitration was then scheduled for February 25, 1992.

On February 14, S & M filed this motion for temporary restraining order in the United States District Court, and a hearing was held in which the district court considered the case as a motion for preliminary injunction against the arbitration proceedings. The district court applied only one of the factors under *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109 (8th Cir.1981), whether S & M had demonstrated the strong likelihood of success on the merits. The district court determined that the Contracts Disputes Act does not require that the arbitration be stayed; that S & M had failed to demonstrate that the contracting parties had intended, through the incorporation clause, to require that the Contracts Disputes Act procedures take precedence over arbitration; and that the arbitrators may of course consider the practicalities springing from the arbitration going forward in the face of claims that were asserted under the Contracts Disputes Act. The preliminary injunction was denied.

In deciding S & M's motion for stay pending appeal, we consider the four factors that are employed by the district court in considering preliminary injunctive relief, of which we believe likelihood of success on the merits is most significant. *James River Flood Control Association v. Watt*, 680 F.2d 543, 544 (8th Cir.1982); *Hilton v. Braunskill*, 481 U.S. 770, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987). S & M relies principally on two district court decisions in arguing that the administrative procedures of the Contract Disputes Act take precedence over arbitration. *Grinnell Fire Protection Systems, Inc. v. Regents of the University of California*, 554 F.Supp. 495 (D.C., N.D.Cal.1982) stayed consideration of a diversity action asserting contract disputes so that a contractual dispute resolution procedure before the Department of Energy's Contracting Officer could be utilized. The contract in question was a national security related energy research and development program. As this involves the staying of diversity litigation before the court, we do not believe that *Grinnell* supports S & M's position. S & M also relies on *Bache Halsey Stuart, Inc. v. French*, 425 F.Supp. 1231 (D.C., D.C.1977) in which the court held that arbitration proceedings should be stayed to allow administration adjudication of the claims by the Commodity Futures Trading Commission pursuant to procedures established under section 14 of the Commodity Exchange Act, 7 U.S.C. section 18. Judge Sirica relied primarily on *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953) in concluding that there were some exceptions to the Arbitration Act.

Since *Grinnell* and *French* were decided, the Supreme Court in a number of cases has enforced arbitration in securities and RICO disputes, and of antitrust claims, *Mitsubishi Motors Corporation v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985); *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 225–238, 107 S.Ct. 2332, 2337–43, 96 L.Ed.2d 185 (1987). While S & M argues that it will be irreparably harmed by bifurcated proceedings, the Supreme Court has held that arbitration must go forward even under such circumstances. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 461 U.S. 1, 20, 103 S.Ct. 1610, 1620, 75 L.Ed.2d 610 (1983), and *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221, 105 S.Ct. 1238, 1242, 84 L.Ed.2d 158 (1985).

The cases relied upon by S & M have little persuasive weight in light of these later decisions of the Supreme Court underscoring the enforceability of arbitration agreements. Although we agree with S & M that the court has jurisdiction to decide whether the contracting parties intended the Contract Disputes Act procedures to precede arbitration, *see Gelco Corp. v. Baker Ind., Inc.*, 779 F.2d 26, 28 (8th Cir. 1985), S & M has failed to demonstrate the likelihood that it will succeed on the merits of this contract claim. Accordingly, we must deny the motion for a stay pending appeal.

We share the views expressed by the district court that the arbitration panel should take into consideration the proceedings under the Contract Disputes Act and tailor relief accordingly. Indeed, we note that counsel for Foley conceded at oral argument that the arbitrators should stay S & M's claim in arbitration to the extent that claim has also been submitted to the government contracting officer under the Contracts Disputes Act procedures.