# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

Nos. 03-3151/3264

_____

| | | |
|---|---|---|
| Arkansas Department of Environmental Quality, | * * * | |
| Appellant/Cross-Appellee, | * * | Appeals from the United States District Court for the Eastern |
| v. | * | District of Arkansas. |
| | * | |
| Eugene Pfeifer, doing business as One Source Home and Building Centers, | * * * | [UNPUBLISHED] |
| Appellee/Cross-Appellant. | * | |

_____

Submitted: August 11, 2004
Filed: August 19, 2004

_____

Before SMITH, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

The Arkansas Department of Environmental Quality (ADEQ) appeals the district court's[*] adverse grant of summary judgment in ADEQ's action under the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. §§ 6991, 6991b. Eugene Pfeifer, doing business as One Source Home and Building Centers (One Source), cross-appeals the district court's denial of attorney's fees. We affirm.

_____

[*]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

ADEQ's amended complaint, in relevant part, sought under 42 U.S.C. § 6991b(h)(6)(A) and Ark. Code Ann. § 8-7-807(b) recovery of funds expended on response and corrective actions in connection with the release of petroleum from underground storage tanks (USTs) formerly located on property owned by Pfeifer, and a declaratory judgment holding Pfeifer liable for the cost of future response and corrective actions in connection with such release.

Pfeifer moved for summary judgment and attorney's fees. The district court granted summary judgment, finding as relevant Pfeifer was never the owner of the USTs. The court, however, denied Pfeifer attorney's fees because ADEQ's case "was not totally unsupported."

## I. Summary Judgment

We review a grant of summary judgment de novo. See Meyers v. Neb. Health and Human Servs., 324 F.3d 655, 658-59 (8th Cir. 2003). Under Federal Rule of Civil Procedure 56(c), summary judgment must be granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." However, the nonmoving party "'must present more than a scintilla of evidence and must advance specific facts to create a genuine issue of material fact for trial.'" See Meyers, 324 F.3d at 659 (quoted case omitted).

Under RCRA, the term "owner," in the case of a UST "in use on November 8, 1984, or brought into use after that date," means "any person who owns [a UST] used for the storage, use, or dispensing of regulated sustances [sic]." See 42 U.S.C. § 6991(3)(A). We find the evidence shows Pfeifer was not the owner of the USTs before they were removed by Pollution Management, Inc. (PMI). While One Source was designated as owner in various documents filed with ADEQ, apparently all prepared by PMI, these documents predate Pfeifer's purchase of the land on which the USTs were located. Further, there is no indication Pfeifer intended to make use

-2-

of the USTs other than to remove them from the land, as is evidenced by Pfeifer's execution of the warranty deed only after PMI had completed their removal. These circumstances support Pfeifer's uncontroverted attestation he conditioned purchase of the land on removal of the USTs, and evidence Pfeifer sought a cost estimate from PMI regarding their removal is consistent with this conclusion. Thus, while Pfeifer surely was interested in making certain the USTs were properly removed, a reasonable trier of fact could not find Pfeifer was an "owner" of the USTs as defined by section 6691(3)(A). See Herring v. Can. Life Assurance Co., 207 F.3d 1026, 1028 (8th Cir. 2000) (dispute is not "genuine" unless evidence is such that reasonable trier of fact could return verdict for nonmovant).

## II.  Attorney's Fees

We review for abuse of discretion a district court's denial of a motion for attorney's fees. See Gelco Corp. v. Baker Indus., Inc., 779 F.2d 26, 28 (8th Cir. 1985) (per curiam). The district court may award attorney's fees to a litigant if the other party acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." See Hoover v. Armco, Inc., 915 F.2d 355, 357 (8th Cir. 1990), cert. denied, 499 U.S. 961 (1991). An award of attorney's fees is not necessarily justified merely because a party loses on summary judgment. In this case, we find colorable arguments were made in support of each of the controlling issues. Thus, even though a reasonable trier of fact could not conclude Pfeifer was the owner of the USTs, we find the district court did not abuse its discretion in denying Pfeifer attorney's fees.

Accordingly, we affirm the judgment of the district court.

_____