**FARGO WOMEN'S HEALTH ORGANIZATION, Susan Wicklund, M.D., George M. Miks, M.D., Cynthia Palmer, Craig Shoemaker, M.D., and Jane Doe, Plaintiffs,**

v.

**Edward T. SCHAFER, as Governor of the State of North Dakota; Heidi Heitkamp, as Attorney General of the State of North Dakota, Defendants.**

**Civ. No. A3–91–95.**

United States District Court, D. North Dakota, Southeastern Division.

March 9, 1993.

---

C. Nicholas Vogel, Mart Daniel Vogel, Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, ND, Janet Benshoof, Suzanne Shende, Kathryn Kolbert, American Civil Liberties Union Foundation, Simon Heller, Center for Reproductive Law & Policy, New York City, for plaintiffs.

Sidney Hertz Fiergola, Atty. Gen.'s Office, Laurie J. Loveland, Bismarck, ND, for defendants.

### ORDER

WEBB, Chief Judge.

Before the court is plaintiffs' motion for stay and injunction pending appeal (docket # 86). Defendants resist the motion (docket # 93). Plaintiffs have also moved the court for an expedited decision of their motion (docket # 90). For reasons that follow, plaintiffs' motion for stay and injunction is **DENIED.**

On February 19, 1993, this court rejected a facial challenge to the constitutionality of certain provisions of North Dakota's Abortion Control Act ("Act"), **N.D.Cent.Code** ch. 14–02.1 (1991), and amendments to the Act contained in House Bill 1579 ("HB 1579") (docket # 84). Defendants' motion for summary judgment was granted and the court's previous issuance of a preliminary injunction suspending enforcement, implementation and execution of HB 1579 was vacated. Plaintiffs' instant motion for stay and injunction pending appeal is grounded upon a purported "necess[ity] to preserve the status quo, to protect plaintiffs' from irreparable harm due to defendants' enforcement of or reliance on the challenged provisions of the [Act] to plaintiffs' detriment, and to prevent such actions by defendant from rendering the pending appeal meaningless." Plaintiffs' Memorandum of Law in Support of Motion for Stay and Injunction Pending Appeal at 1 (docket # 87). Defendants argue that the plaintiffs have failed to meet the heavy burden necessary to obtain a stay. Defendants' Brief in Opposition to Motion for Stay Pending Appeal at 2 (docket # 93).

The court must consider the following factors in determining whether to stay an order pending appeal:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987). While no factor alone is determinative, this circuit has indicated that "likelihood of success on the merits is most significant." *S & M Constructors, Inc. v. Foley Co.,* 959 F.2d 97, 98 (8th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 184, 121 L.Ed.2d 129 (1992). Plaintiffs' argument that there is a substantial possibility of success on the merits of their appeal is based on their hopeful assertion that the court of appeals will interpret *Planned Parenthood v. Casey,* —— U.S. ——, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992), as

rejecting in abortion cases the longstanding rule for facial challenges.[1] However, the plaintiffs have not made a strong showing that they will likely succeed on the merits. *See Barnes v. Moore,* 970 F.2d 12, 14 n. 2 (5th Cir.) ("[W]e do not interpret *Casey* as having overruled, *sub silentio,* longstanding Supreme Court precedent governing challenges to the facial constitutionality of statutes."), *cert. denied,* — U.S. —, 113 S.Ct. 656, 121 L.Ed.2d 582 (1992). *See also Ada v. Guam Soc'y of Obstetricians & Gynecologists,* — U.S. —, —, 113 S.Ct. 633, 634, 121 L.Ed.2d 564 (1992) (Scalia, J., dissenting from denial of certiorari) (Court in *Casey* did not purport to change rule for facial challenges).

Furthermore, the plaintiffs have not demonstrated that they will be irreparably injured absent a stay of the court's order. The burdens imposed by the Act and its amendments may inure to hypothetical plaintiffs not now before the court, but the instant plaintiffs will not be irreparably injured by denial of the stay.[2]

Finally, the public interest lies in enforcement of statutes enacted by the people's legislature. The court finds that the state would be substantially injured by a stay of the court's February 19 order. That the state did not consent or stipulate to stay enforcement of the Act and its amendments is indicative of this fact.

Therefore, plaintiffs' motion for stay and injunction pending appeal (docket # 86) is **DENIED.**

**IT IS SO ORDERED.**

---

[1]. "A facial challenge to a legislative Act is ... the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid. The fact that the ... Act might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid, since we have not recognized an 'overbreadth' doctrine outside the limited context of the First Amendment." *United States v. Salerno,* 481 U.S. 739, 745, 107 S.Ct. 2095, 2100, 95 L.Ed.2d 697 (1987).

[2]. As previously indicated, "the court should not be asked in a facial challenge to invalidate a legislative act 'based upon a worst-case analysis that may never occur.'" Memorandum and Order at 8 (docket # 84) (quoting *Ohio v. Akron Center for Reproductive Health,* 497 U.S. 502, 514, 110 S.Ct. 2972, 2981, 111 L.Ed.2d 405 (1990)).