RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 20a0371p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

COMMONWEALTH OF KENTUCKY, Attorney General Daniel Cameron, ex rel. DANVILLE CHRISTIAN ACADEMY, INC., et al.,

　　　　　　　　　*Plaintiffs-Appellees*,

　　v.

ANDREW G. BESHEAR, in his official capacity as Governor of the Commonwealth of Kentucky,

　　　　　　　　　*Defendant-Appellant*.

⎫
⎬
⎭

No. 20-6341

─────────────────

Appeal from the United States District Court
for the Eastern District of Kentucky at Frankfort.
No. 3:20-cv-00075—Gregory F. Van Tatenhove, District Judge.

Decided and Filed:  November 29, 2020

Before:  MOORE, ROGERS, and WHITE, Circuit Judges.

─────────────────

## COUNSEL

**ON MOTION FOR A STAY OF PRELIMINARY INJUNTION PENDING APPEAL:** Amy D. Cubbage, S. Travis Mayo, Marc G. Farris, Taylor Payne, OFFICE OF THE GOVERNOR, Frankfort, Kentucky, for Appellant. **ON RESPONSE:** Barry L. Dunn, S. Chad Meredith, Matthew F. Kuhn, Carmine G. Iaccarino, Brett R. Nolan, OFFICE OF THE KENTUCKY ATTORNEY GENERAL, David J. Hacker, Roger Byron, FIRST LIBERTY INSTITUTE, Plano, Texas, for Appellees. **ON BRIEF:** Christopher Wiest, CHRIS WIEST, ATTY AT LAW, PLLC, Crestview Hills, Kentucky, Thomas Bruns, BRUNS CONNELL VOLLMAR ARMSTRONG, Cincinnati, Ohio, Bryan H. Beauman, STURGILL, TURNER, BARKER & MOLONEY, PLLC, Lexington, Kentucky, John J. Bursch, ALLIANCE DEFENDING FREEDOM, Washington, D.C., Noah R. Friend, KENTUCKY STATE TREASURER, Frankfort, Kentucky, Ryan Morrison, Louisville, Kentucky, for Amici Curiae.

_____

**ORDER**

_____

This is an appeal from a preliminary injunction, primarily based on the Free Exercise Clause of the First Amendment, against enforcement of a COVID-19-related executive order by Governor Andrew G. Beshear prohibiting in-person instruction at all public and private elementary and secondary schools in the Commonwealth. The Governor moves to stay the preliminary injunction pending appeal. Plaintiffs respond in opposition, and a number of amici curiae join in opposition. Primarily because plaintiffs are unlikely to succeed on the merits of their Free Exercise claim, the preliminary injunction should not have been entered. This is because of the likelihood that our court will rule that the order in question is neutral and of general applicability. The Governor's motion will therefore be granted.

The Commonwealth, along with many other parts of the country, is experiencing a recent surge in COVID-19 cases. In response to this surge, the Governor implemented new public health measures, including the one at issue here: On November 18, 2020, he issued Executive Order 2020-969, which prohibits in-person instruction at all public and private elementary and secondary schools in the Commonwealth. The order provides that elementary schools may, under certain circumstances, reopen for in-person instruction between December 7, 2020 and January 4, 2021; middle and high schools, however, may reopen for in-person instruction no sooner than January 4, 2021. The order excepts from its requirements "small group in-person targeted services" and "private schools conducted in a home solely for members of that household." R. 1-1, Page ID# 40. The order also excepts, by omission, both preschools and colleges or universities. *See id.*

As the Governor explains, elementary and secondary schools pose unique problems for public health officials responding to the COVID-19 pandemic. Compliance with masking and social distancing requirements is difficult to maintain, and students receiving in-person instruction must in any event remove their facial coverings to eat. The Commonwealth is particularly vulnerable to these problems, as it "leads the nation in children living with relatives

other than their parents – including grandparents and great-grandparents, who are especially vulnerable to the disease." Mot. at 11–12 (citation omitted). "Kentuckians also have high rates of comorbidities that can lead to severe cases of COVID-19, including heart and lung conditions." *Id.* at 12 (citation omitted).

Shortly after the Governor issued Executive Order 2020-969, plaintiffs filed a complaint asserting in part that the order, as it applies to private, religious schools in the Commonwealth, violates the Free Exercise and Establishment Clauses of the First Amendment and the Kentucky Religious Freedom Restoration Act ("RFRA"). On November 25, 2020, the district court granted plaintiffs' motion for preliminary injunctive relief and enjoined the Governor from enforcing the order against any private, religious school in the Commonwealth that otherwise adheres to Commonwealth's public health measures. This appeal followed.

As an initial matter, a party must ordinarily move first in the district court for a stay pending appeal. Fed. R. App. P. 8(a)(1). In-person instruction, however, is expected to resume at religious schools in the Commonwealth this coming Monday. Moving first in the district court would therefore have been impracticable, and we consider the Governor's motion under Rule 8(a)(2).

"In determining whether a stay should be granted . . . , we consider the same four factors that are traditionally considered in evaluating the granting of a preliminary injunction." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). These factors are: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Id.* "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Id.* "When a party seeks a preliminary injunction on the basis of a potential constitutional violation," however, "'the likelihood of success on the merits often will be the determinative factor.'" *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (order) (en banc) (per curiam) (citation omitted).

In considering whether to stay a preliminary injunction, we review the district court's legal conclusions *de novo*. *Id.* "We review 'for abuse of discretion, however, the district court's ultimate determination as to whether the four preliminary injunction factors weigh in favor of granting or denying preliminary injunctive relief.'" *Id.* (citation omitted).

"The Free Exercise Clause of the First Amendment, which has been applied to the States through the Fourteenth Amendment, provides that 'Congress shall make no law respecting an establishment of religion, or *prohibiting the free exercise thereof . . . .*'" *Church of Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520, 531 (1993) (alteration in original) (internal citation omitted). "On one side of the line, a generally applicable law that incidentally burdens religious practices usually will be upheld." *Roberts v. Neace*, 958 F.3d 409, 413 (6th Cir. 2020) (order) (per curiam) (citing *Emp. Div., Dep't of Hum. Res. of Or. v. Smith*, 494 U.S. 872, 878–79 (1990)). "On the other side of the line, a law that discriminates against religious practices usually will be invalidated because it is the rare law that can be 'justified by a compelling interest and is narrowly tailored to advance that interest.'" *Id.* (quoting *Church of Lukumi*, 508 U.S. at 533).

Executive Order 2020-969 applies to all public and private elementary and secondary schools in the Commonwealth, religious or otherwise; it is therefore neutral and of general applicability and need not be justified by a compelling governmental interest. *See id.* We assume that Danville Christian Academy is motivated by a "sincerely held religious belief" regarding in-person schooling, but that is not determinative where there is a neutral rule of general applicability, as there is here, any more than it would have been determinative in *Smith*, 494 U.S. 872, if plaintiffs had in that case shown a sincere religious belief that peyote should be used.

Recent binding and persuasive authority does not compel a contrary result. In *Roman Catholic Diocese of Brooklyn v. Cuomo*, ___ S. Ct. ____, 2020 WL 6948354 (Nov. 25, 2020) (per curiam), the challenged COVID-19 order restricted attendance at religious services. *Id.* at *1. In *Roberts*, 958 F.3d 409, and *Maryville Baptist Church, Inc. v. Beshear*, 957 F.3d 610 (6th Cir. 2020) (order) (per curiam), the challenged COVID-19 orders prohibited attendance at drive-

in and in-person worship services. *Maryville*, 957 F.3d at 611; *Roberts*, 958 F.3d at 411. The orders at issue in those cases, applying specifically to houses of worship, are therefore distinguishable. Moreover, the order at issue in *Roman Catholic Diocese* treated schools, factories, liquor stores, and bicycle repair shops, to name only a few, "less harshly" than houses of worship. 2020 WL 6948354 at \*2; *see also id.* at \*4 (Gorsuch, J., concurring). Similarly, the orders at issue in *Roberts* and *Maryville Baptist Church* excepted from their requirements airlines, funeral homes, liquor stores, and gun shops, again to name only a few. *See Roberts*, 958 F.3d at 414; *Maryville Baptist Church*, 957 F.3d at 614. No such comparable exceptions apply to Executive Order 2020-969. And the exceptions expressly provided for in the order—for "small group in-person targeted services" and "private schools conducted in a home"—are nothing like "the four pages of exceptions in the orders" addressed in *Roberts*, 958 F.3d at 413. The contours of the order at issue here also in no way correlate to religion, and cannot be plausibly read to contain even a hint of hostility towards religion. *Cf. Roman Catholic Diocese*, 2020 WL 6948354, at \*1.

Justice Kavanaugh has reasoned that, under *Smith*, 494 U.S. 872, we should look "not [to] whether religious worship services are all alone in a disfavored category, but why they are in the disfavored category to begin with." *Calvary Chapel Dayton Valley v. Sisolak*, 140 S. Ct. 2603, 2614 (2020) (Mem.) (Kavanaugh, J., dissenting). Here, religious schools are in the category of "K–12 schools" because the reasons for suspending in-person instruction apply precisely the same to them. *See Church of Lukumi*, 508 U.S. at 543. Any burden on plaintiffs' religious practices is "incidental" and therefore not subject to strict scrutiny. *See Roberts*, 958 F.3d at 413. In Justice Kavanaugh's concurrence in *Roman Catholic Diocese*, he emphasized that, "[i]n light of the devastating pandemic, . . . the State[ has the] authority to impose tailored restrictions—even very strict restrictions—on attendance at religious services and secular gatherings alike." 2020 WL 6948354, at \*8 (Kavanaugh, J., concurring). Executive Order 2020-969 does just that. Unlike in *Roman Catholic Diocese*, there is no evidence that the challenged restrictions were "targeted" or "gerrymandered" to ensure an impact on religious groups. *Id.* at \*1. In addition, while many of the houses of worship in *Roman Catholic Diocese* could seat well over 500 people, they were subject to attendance caps of ten or twenty-five

persons, while retail businesses were not. *See id.* at *2. There is no comparable harsh requirement aimed at religious institutions here.

Nor does the ministerial exception apply in this case. Relying on *Our Lady of Guadalupe Sch. v. Morrissey-Berru*, 140 S. Ct. 2049 (2020), plaintiffs assert that "[t]he Governor . . . cannot tell religious institutions and churches that they *can* hold in-person worship services but *cannot* hold in-person schooling" because this would intrude into the autonomy of religious institutions and how they administer their religious missions. R. 1, Page ID# 31. The ministerial exception protects a church's autonomy with respect to matters of doctrine and church government, but those are not affected here. The ministerial exception "does not mean that religious institutions enjoy a general immunity from secular laws." *Our Lady of Guadalupe Sch.*, 140 S. Ct. at 2060.

We are not in a position to second-guess the Governor's determination regarding the health and safety of the Commonwealth at this point in time. *See Roman Catholic Diocese*, 2020 WL 6948354, at *3 ("Members of this Court are not public health experts, and we should respect the judgment of those with special expertise and responsibility in this area."); *cf. Brown v. Thomson*, 462 U.S. 835, 847–48 (1983) ("[S]ubstantial deference is to be accorded the political decisions of the people of a State acting through their elected representatives."). Because Executive Order 2020-969 is neutral and generally applicable, we also need not address the Governor's argument that the order is in any event narrowly tailored to advance a compelling governmental interest. That requirement applies only if the challenged restriction is not neutral and generally applicable. In determining that plaintiffs are unlikely to succeed on the merits of their Free Exercise claim, we also have no need to rely upon either *South Bay United Pentecostal Church v. Newsom*, 140 S. Ct. 1613 (2020) (Mem.) (Roberts, C.J., concurring), or *Jacobson v. Massachusetts*, 197 U.S. 11 (1905). Nor do we rely upon our prior unpublished order in *Libertas Classical Ass'n v. Whitmer*, No. 20-2085 (6th Cir. Nov. 20, 2020) (order).

In addition to their Free Exercise claim, plaintiffs are unlikely to succeed on their claims under the Establishment Clause and the Kentucky RFRA, for essentially the reasons given by the district court. As to the remaining equitable factors, the interests of each side are facially substantial in this case. Furthermore, "treatment of similarly situated entities in comparable

ways serves public health interests at the same time it preserves bedrock free-exercise guarantees." *Roberts*, 958 F.3d at 416. In such a case, the unlikelihood of success on the merits is determinative. *See id.* Finally, because we are staying the district court's preliminary injunction, we need not address at this point whether it was proper for the district court to apply the injunction statewide.

For the reasons above, the motion to stay the district court's preliminary injunction pending appeal is **GRANTED**. The parties' motions for leave to exceed the word limit are **GRANTED**. The motions to file amici briefs on behalf of a number of Kentucky religious schools, sponsoring churches, and parents, as well as the motion to file an amicus brief on behalf of the Kentucky State Treasurer, are **GRANTED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk